UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH BOHENKAMP,

    Plaintiff,

vs.

JT PRIVATE DUTY HOME CARE,
LLC, a Florida Limited Liability
Company,

    Defendant.
_____/

Case No.:  2:14-cv-00366-SPC-CM

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiff Responds to Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") and in support thereof states as follows:

**INTRODUCTION**

1.    On July 2, 2014, Plaintiff filed her Complaint against JT Private Duty Home Care, LLC ("Defendant"), alleging failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). [D.E. 1]  On August 12, 2014, Defendants filed their Motion to Dismiss the Complaint, styling it as, in the alternative, a motion for summary judgment.[1] [D.E. 11]

---

[1]    Although not stated in the title of the document, Defendant also appears to move for a more definite statement.  However, given that Plaintiff's allegations are sufficient for Defendant to formulate

2. Defendant's Motion ignores well-settled pleading requirements explicitly set forth in this Circuit for actions under the FLSA. This is true both with respect to pleading jurisdictional requirements, and with respect to pleading the elements of a claim for unpaid overtime under the FLSA. Moreover, in making its arguments regarding Plaintiff's alleged failure to adequately plead enterprise coverage under the FLSA, Defendant relies on a case that was explicitly vacated and reversed by the Eleventh Circuit in a decision which is directly at odds with the premise for which Defendant cites it.

3. Contrary to Defendant's assertions, an FLSA Plaintiff pleading enterprise coverage, rather than individual coverage, as Plaintiff does in this action, need not establish that she, herself is engaged directly in interstate commerce, nor does she need to plead that two or more employees in the same role engaged in interstate commerce. *See Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1219 (11th Cir. 2010) (*per curiam*). Rather, she need only plead that two or more of Defendant's employees handle goods or materials that have moved through interstate commerce, which Plaintiff has done in this case. *See id.*[2]

4. Further, Plaintiff did not fail to attach any essential document to her Complaint. Rather, the document that Defendant attaches to its motion, an alleged

---

arguments regarding dismissal, and also are sufficient to survive Defendant's motion to dismiss, Plaintiff does not separately address Defendant's request for a more definite statement in this opposition.

[2] To the extent that Defendant claims that it cannot tell whether Plaintiff has sufficiently alleged that there were more than two employees handling materials moved in interstate commerce, Plaintiff notes that a co-worker of hers (albeit in a different position), has also filed a claim for unpaid overtime against Defendant. *See Houston v. JT Private Duty Home Care, LLC,* 2:14-cv-245-FtM-38DNF (also pending in this Court). Defendant moved to dismiss that Complaint, as well, but did not move to dismiss on the jurisdictional grounds it pleads here, despite the same amount of detail as to jurisdiction being provided in that Complaint. *See id.* at D.E. 17.

2

contract between Plaintiff and Defendant, is not dispositive of any issue in the case. As set forth in more detail in the incorporated memorandum of law, below, Plaintiff has alleged facts sufficient to set forth a claim that she was an "employee" under the FLSA, regardless of any contract with Defendant.

4. Here, Plaintiff detailed the nature of her relationship with Defendants, including that she was misclassified as an independent contractor (D.E. 1, ¶¶ 3, 5-8, 15-37); alleged enterprise coverage (D.E. 1, ¶¶ 8-11); and stated that she worked over forty hours per week but did not receive overtime wages for those hours worked in excess of forty (D.E. 1, ¶¶1, 2, 31, 38, 39, 50-52). These allegations are sufficient to give Defendant fair notice of Plaintiff's claims, and thus are sufficiently plead. Plaintiff's Complaint further alleges that hours worked over forty per week were not compensated at an overtime rate. (D.E. 1, ¶¶38, 52). A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation ... under the FLSA does not require more." *Mitial v. Dr. Pepper Snapple Group*, No. 11-81172-CIV, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012) (quoting *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008)). To the extent that Defendant seeks more specific information from Plaintiff, discovery can provide Defendant with such data, as the lack of this information is not grounds for dismissal at this initial pleading stage. *See Mitial*, 2012 WL 2524272, at *3.

## MEMORANDUM OF LAW

When evaluating the merits of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must view allegations of a complaint in the light most favorable to the plaintiff. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the

3

claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted." *Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp. 2d 1359, 1361 (S.D. Fla. 2007). (emphasis added).

The Eleventh Circuit has stated that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Schlinsky v. Action Video Prods., Inc.*, No. 09-CIV-61779, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010), (quoting *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)). To prevail on a claim for payment of overtime wages under the FLSA, Plaintiff must establish the following:

> (1) Plaintiff was employed by the Defendant during the time period involved;
> (2) Plaintiff was engaged in commerce or in the production of goods for commerce or was employed by an enterprise engaged in commerce or in the production of goods for commerce; and
> (3) Defendant failed to pay Plaintiff the overtime pay required by law.

*See* Eleventh Circuit Civil Pattern Jury Instructions 4.14 (2013); *See also Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Plaintiff's claims need

not be overly detailed but merely sufficient to state a claim under the FLSA. *See Anish v. Nat'l Secs. Corp.*, No. 10-80330-CIV, 2010 WL 4065433 *1, 3 (S.D. Fla. Oct. 15, 2010) (Finding plaintiff's general pleadings "sufficient to state a claim under the FLSA" where he pled that he was "a non-exempt employee under the FLSA who regularly worked over forty hours per week for [d]efendant," that "[d]efendant failed to compensate him at the statutory rate of time and one-half for the hours in excess of forty," and that defendant was an "employer engaged in interstate commerce.") Plaintiff only is required to set forth a short and plain statement of the claim showing that she is entitled to relief, which she clearly has done.[3]

---

[3] Defendant's claim that its Motion is properly considered a motion for summary judgment, based on Plaintiff's alleged failure to include what they characterize as an essential document, a contract characterizing Plaintiff as an independent contractor, is wrong. To the contrary, the alleged contract is not dispositive of any issue in this case and is not an essential document. *Chapman v. A.S.U.I. Healthcare and Development Center,* 562 Fed. Appx. 182, 184-85 (5th Cir. 2014) (Affirming district court's determination that individuals were employees, rather than independent contractors, in spite of contract stating independent contractor status, because "[n]either a defendant's subjective belief about employment status nor the existence of a contract designating that status is dispositive. Rather, courts look to multiple factors to assess the "economic reality" of whether the plaintiff is so dependent on the alleged employer that she is an employee or is so independent that the plaintiff essentially is in business for herself. *See Donovan v. Tehco, Inc.,* 642 F.2d 141, 143 (5th Cir. 1981); *Usery v. Pilgrim Equip. Co.,* 527 F.2d 1308, 1311–12 (5th Cir. 1976). The factors include the "degree of control, opportunities for profit or loss, investment in facilities, permanency of relation, and skill required." *Pilgrim Equip.,* 527 F.2d at 1311."); *Scantland v. Jeffry Knight, Inc.,* 721 F.3d 1308, 1311 (11th Cir. 2013) ("To determine whether an individual falls into the category of covered 'employee' or exempted 'independent contractor' courts look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence."); *Donovan v. The New Floridian Hotel, Inc.,* 676 F.2d 468, 471 (11th Cir.1982) (That a business "may not have had the intention to create an employment relationship is irrelevant."); *See also Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488, 1492-93 (11th Cir. 1993), (The Eleventh Circuit concluded that the district court had relied too heavily on the parties' contract, which described the plaintiff (in an ERISA matter) as an independent contractor, in determining that the plaintiff was not an employee). The Eleventh Circuit explicitly held that "[t]his inquiry is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether 'the work done, in its essence, follows the usual path of an employee.'" *Scantland,* 721 F.3d at 1311 (citations omitted). As such, Defendant's Motion is not properly considered a motion for summary judgment, and, to the extent the Court does consider it as such a motion, it must be denied, as material issues of fact remain as to whether Plaintiff is an employee under the FLSA.

### 1. **<u>Plaintiff Sufficiently Alleges Employment by Defendant.</u>**

The Complaint sufficiently alleges that Plaintiff was employed by Defendants during the time period involved. In their Motion, Defendants argue, without any factual or legal support, that Plaintiff's Amended Complaint "states no facts to allow the court to plausibly conclude that the plaintiff was an employee of the defendants." (D.E. 15 p. 3). Under the FLSA, an "employee" is "any individual employed by an employer," 29 U.S.C. § 203(e)(1), an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and the term "employ" "includes to suffer or permit to work," 29 U.S.C. § 203(g).

Plaintiff's Complaint alleges that Plaintiff "was an 'employee' of Defendant within the meaning of FLSA" (D.E. 1 ¶ 6), and goes on to detail many of the aspects of her employment that make her classification as an independent contractor improper. D.E. 1 ¶¶ 16-37. Defendant does not argue that Plaintiff did not perform work for its Company, but rather only argues that she was not an employee because of the independent contractor agreement that it attaches to its Motion. D.E. 11 ¶¶ 10-13, 15. As this document is not dispositive of the issue of whether Plaintiff was an employee within the meaning of the FLSA, dismissal is not appropriate on the basis of the alleged agreement. *See infra* fn. 3.

Moreover, in applying the "economic reality test" described in *Scantland* (*supra* fn. 3), courts examine:

(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;

6

(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

(4) whether the service rendered requires a special skill;

(5) the degree of permanency and duration of the working relationship;

(6) the extent to which the service rendered is an integral part of the alleged employer's business.

721 F.3d at 1311–12. "While these factors serve as guides, the overarching focus of the inquiry is economic dependence[.]" *Id.* at 1312. "Ultimately, in considering economic dependence, the court focuses on whether an individual is 'in business for himself' or is 'dependent upon finding employment in the business of others.'" *Id.*

The Complaint alleges that Plaintiff "was an employee of Defendant" (D.E. 1 ¶ 6 ), in the capacity of "a full-time staffing coordinator" sending out schedules, confirming schedules, ordering office supplies, brochures and flyers" "July 2011" "until her termination in 2014" ( *Id.* at ¶¶ 21, 22, 24, 29.) The Complaint further alleges that:

- Plaintiff was required to follow all of Defendant's company policies and procedures.

- From at least July 2011, Defendant determined Plaintiff's work schedule until the termination of her employment with Defendant.

7

- Plaintiff was given Defendant's company handbook, and Defendant directed her that she was to follow its policies.

- Defendant provided all of the supplies necessary for Plaintiff to perform her work.

- Plaintiff was not incorporated or otherwise in business for herself during the time that she performed work for Defendant.

- If Plaintiff wished to take a day off, she was required to request permission from Defendant.

- Until her termination in 2014, Plaintiff did not generate any of her own work as a staffing coordinator, rather, she received all of her assignments as a staffing coordinator from Defendant.

- Plaintiff's opportunity for profit or loss did not depend on her entrepreneurial skills.

- During the time she worked for Defendant, Plaintiff regularly worked more than forty (40) hours during one or more work weeks.

- Defendant controlled the way in which Plaintiff performed her work, by instructing Plaintiff in the way Defendant wanted the work performed.

- Defendant set rules and guidelines governing Plaintiff's employment, including but not limited to hours of work, Plaintiff's rate of pay, and paid time off.

- Plaintiff did not have the ability to alter or change the terms of her employment.

- Plaintiff was economically dependent upon Defendant for her livelihood from at least July 2011 until her termination in 2014. Specifically, Plaintiff earned 100% of her income from Defendant between at least July 2011 and May 2014.

- Plaintiff worked as a staffing coordinator only for Defendant between July 2011 and May 2014.

- Defendant knew or should have known that Plaintiff was economically dependent on Defendant and not in business for herself, as she routinely worked over 40 hours per week for Defendant.

*Id.* at ¶¶ 23-37. Accordingly, Plaintiff's specific plausible factual allegations are sufficient to state a claim that she was employed by Defendants.

### 2. Plaintiff Sufficiently Alleges She Was Employed by an Enterprise Engaged in Commerce.

Plaintiff's Complaint clearly recites facts that – if taken as true on the four corners of the Complaint – establish coverage under the FLSA. With respect to the second element of a claim for overtime wages, Plaintiff must establish either (1) "individual coverage," meaning that the employee herself was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," meaning that the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). Here, Plaintiff alleges only enterprise coverage. Although Defendant claims that, in order to establish enterprise coverage, the employee must personally engage in interstate commerce in the same manner required for

individual coverage, the case they cite for this proposition (*Lamonica v. Safe Hurricane Shutters, Inc.*) was specifically reversed and remanded on this issue by the Eleventh Circuit in the most comprehensive decision to address the coverage issue, *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1219 (11th Cir. 2010). *See Lamonica v. Safe Hurricane Shutters, Inc.*, 578 F.Supp.2d 1363 (S.D. Fla. 2008) *reversed and vacated by Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1219 (11th Cir. 2010) (per curiam).

The term "enterprise" is defined in 29 U.S.C. § 203(r). An "[e]nterprise engaged in commerce or in the production of goods for commerce" is defined in 29 U.S.C. § 203(s)(1) as an enterprise that:

> (A)(I) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. §203(s)(1). Plaintiff's Complaint alleges that:

- At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA. D.E. 1 ¶ 9.

- Defendant has two or more employees who regularly handle Defendant's products and equipment, including telephones and office supplies, which have moved through interstate commerce, during the performance of their duties. *Id.* ¶ 11.

- Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant

time periods. *Id.* ¶ 10.

Plaintiff's allegations provide a sufficient basis to establish that Defendants were an enterprise engaged in commerce. *See Pierre v. Venus Sattellite, Inc.*, No. 3:12-cv-343-J-34JBT at * 12-13 (M.D. Fla. Oct. 11, 2013) (Similar pleadings found sufficient to establish enterprise coverage.)

In *Polycarpe v. E&S Landscaping Service, Inc.*, the Eleventh Circuit construed the "handling clause" of the FLSA in the context of six consolidated appeals involving defendants who were "principally local service providers to customers within the state of Florida." 616 F.3d 1217, 1219.[4] The court initially recognized, and other courts have agreed: "We have already noted, [the 'handling clause'] allowed the FLSA potentially to reach retail and service businesses that were otherwise locally focused." *Id.* at 1220; *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* No. 8:07-cv-2359-T-23TGW, 2008 WL 793660, at *1 (M.D. Fla. Mar.24, 2008) ("[E]nterprise coverage embraces virtually every business whose annual gross volume of sales or business is $500,000 or more ....") (footnote omitted).

In interpreting the handling clause, the court first rejected the "coming to rest" doctrine, *i.e.*, "the belief that interstate goods or materials can lose their interstate quality

---

[4] The "handling clause," as explained in *Polycarpe*, is "whether Defendant employers had employees (not necessarily the plaintiff specifically) 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 616 F.3d at 1221 (citing 29 U.S.C. § 203(s)(1)(A)(I)).  Contrary to Defendant's arguments, there is no requirement that the employees to which Plaintiff refers must be the Plaintiff herself at all, and certainly not Plaintiff and another person in the same position as Plaintiff.  *See* D.E. 11 ¶ 17 (implying that Plaintiff must plead that a second person shared in her activities to satisfy the FLSA pleading requirements).

if the items have already come to rest within a state before intrastate purchase by a business." *Id.* at 1221. Second, the court defined "materials" as "tools or other articles necessary for doing or making something." *Id.* at 1224. Further, the court held that: Whether an item counts as "materials" will depend on two things: 1) whether, in the context of its use, the item fits within the ordinary definition of "materials" under the FLSA and 2) whether the item is being used commercially in the employer's business. *Id.* at 1225-26. The court synopsized its conclusion as follows: Therefore, we conclude that for the purposes of the FLSA's handling clause, an item will count as "materials" if it accords with the definition of "materials" - tools or other articles necessary for doing or making something - in the context of its use and if the employer has employees "handling, selling, or otherwise working on" the item for the employer's commercial purposes. *Id.* at 1227.

Plaintiff has sufficiently alleged both of the above requirements in the Complaint. Plaintiff alleges that she was an hourly paid staffing coordinator, responsible for, *inter alia,* ordering office supplies and confirming schedules. *See* D.E. 1 ¶¶ 16, 21, 22. She also alleges that two or more of Defendant's employees "regularly" handled Defendant's products and equipment, designated as including but not limited to office supplies and telephones which moved through interstate commerce. *See* D.E. 1 ¶ 11. It is also a reasonable inference from the allegations that this work had "a significant connection with the employer's commercial activity," *Polycarpe* 616 F.3d at 1226, as Plaintiff was responsible for carrying out the commercial activity of Defendant's business through ordering and using office supplies, and using the telephone to do so, all of which had

12

moved through interstate commerce.[5] Further, Paragraph 10 alleges, "based upon information and belief," that Defendants' annual gross revenue was in excess of $500,000 per annum during the relevant time periods, which is also sufficient with respect to stating a claim for enterprise coverage. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (stating that plaintiff's allegation that on "information and belief" defendant's gross annual revenues exceeded $500,000 was sufficient at the pleading stage, particularly since that information is in defendant's hands). Thus, these allegations alone sufficiently allege enterprise coverage. *Donald v. Park & Fly, LLC*, 2011 WL 6027014, *2 (M.D. Fla. Nov. 7, 2011) (finding a sufficient basis for enterprise coverage where plaintiff alleged "Defendant was an enterprise covered by the FLSA; its annual gross business was at least $500,000 for the last three years; it had two or more employees engaged in interstate commerce, such as handling or otherwise working on goods that had been moved in or produced for interstate commerce, driving and parking cars registered in multiple states throughout the United States, using supplies that had previously moved in commerce, accepting payment from customers using credit cards issued by out-of-state banks, using the telephone and computer to place

---

[5] Moreover, as stated in fn. 2, it is disingenuous for Defendant to allege that it cannot tell whether Plaintiff has sufficiently alleged that at least two employees regularly handled materials that moved interstate commerce, where at least one other employee, Tabitha Houston, has a pending Complaint in this Court against Defendant for non-payment of overtime. *See Houston v. JT Private Duty Home Care, LLC*, 2:14-cv-245-FtM-38DNF, D.E. 13. In that Complaint, Ms. Houston alleges that Defendant meets the requirements of enterprise coverage, and Defendant did not challenge the coverage allegations in that Complaint. *See id.* at D.E. 17 (Defendant's Motion to Dismiss). If Ms. Houston meets the jurisdictional requirements, which Defendant has not challenged, then Ms. Bohenkamp must as well, as an employer that is enterprise covered as to one employee is covered as to all. *See, e.g. Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1233 n.5 (M.D. Fla. 2010) ("enterprise coverage" extends coverage to all employees of the "enterprise.").

or accept business calls for reservations and quotes, and using the U.S. mail") (Report and Recommendation accepted by District Judge on Dec. 5, 2011).

Moreover, Plaintiff need not describe in great detail every facet of FLSA coverage. *See Ceant*, 874 F. Supp. 2d at 1377-78 (rejecting defendants' argument that plaintiff needs to provide "super detailed factual allegations as to every facet of FLSA coverage"). Thus, to the extent Defendants request Plaintiff prove enterprise coverage – an element of a claim under the FLSA – in order to survive this pre-discovery Motion, their arguments are without merit. Plaintiff is simply required to plead allegations sufficient to support a plausible claim, when considered in the light most favorable to the Plaintiff, and must be given an opportunity to prove the coverage allegations in discovery.[6] Here, Plaintiff adequately alleges coverage in the four corners of her Complaint, and the Court must accept these assertions as true without looking beyond the four corners of the Complaint. *See St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002) ("The scope of the review must be limited to the four corners of the complaint."); *see also Dean v. North Palm Pain Mgmt., Inc.*, No.11-80351-CIV, 2011 WL 4104909 (S.D. Fla. Sept. 15, 2011) (denying motion to dismiss FLSA complaint on

---

[6] Courts around the country have held that the issue of coverage under the FLSA is an element of a claim, and is not a jurisdictional question as Defendants suggest. *See Naeyaert v. East Coast Pulmonary and Critical Care Assocs., Inc.*, No. 10-CV-400-T-33TBM, 2010 WL 3942906 (M.D. Fla. Oct. 5, 2010) (denying motion to dismiss and motion for summary judgment on coverage issues at pleading stage as premature); *Andrade v. Renaissance Nail Corp.*, No. 08-CV-0479(SRU)(WIG), 2010 WL 4736211 (D. Conn. Mar. 1, 2010) (denying motion to dismiss that alleged the defendant did not meet enterprise coverage); *Dong v. Ren's Garden*, No. 09-5642(MLC), 2010 WL 1133482 (D. N.J. Mar. 22, 2010) (denying motion to dismiss that alleged the defendant did not meet enterprise coverage nor did the plaintiff meet individual coverage); *Jackson v. Computer Confidence, Inc.*, No. 09-CV-6057, 2010 WL 681228 (W.D.N.Y. Feb. 23, 2010) (denying motion to dismiss that alleged defendant was not enterprise covered and specifically holding that coverage is an element of the claim and not a jurisdictional question).

coverage grounds and declining to address defendants' contention that they were not plaintiff's employer). Accordingly, Plaintiff sufficiently pled coverage in her Complaint, and the Motion to Dismiss should be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff, respectfully requests this Court Deny Defendant's Motion to Dismiss Plaintiff's Complaint.

DATED this 29th day of August, 2014.

>Respectfully submitted,
>
>/s/ ANGELI MURTHY
>Angeli Murthy, Esq.
>Florida Bar No.: 088758
>Morgan & Morgan, P.A.
>600 N. Pine Island Rd., Suite 400
>Plantation, FL 33324
>Telephone: (954) 318-0268
>Facsimile: (954) 327-3016
>Email: amurthy@forthepeople.com

.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system this 29th day of August, 2014.

>/s/ Angeli Murthy
>Angeli Murthy, Esq.