UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH BOHENKAMP,

      Plaintiff,

v.                                                                    Case No:  2:14-cv-366-FtM-38CM

JT PRIVATE DUTY HOME CARE,
LLC,

      Defendant.

_____/

**ORDER[1]**

      This matter comes before the Court on the Defendant, JT Private Duty Home Care, LLC's Motion to Dismiss Plaintiff's Complaint or in the Alternative, Motion for Summary Judgment (Doc. #11) filed on August 12, 2014.  The Plaintiff filed her Response in Opposition (Doc. #13) on August 29, 2014. The Motion is fully briefed and ripe for the Court's review.

**FACTS**

      The Defendant Private Duty Home Care, LLC (Private Duty) operates a Florida nursing registry.  The Plaintiff, Deborah Bohenkamp, was hired by Private Duty in 2008 as a CNA. (Doc. #1, ¶ 20).  In July 2011, Bohenkamp's job duties changed and she begin working as a full-time staffing coordinator at Private Duty's office. (Doc. #1, ¶ 21).  As

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

staffing coordinator, Bohenkamp sent out schedules, confirmed schedules, ordered office supplies, brochures and flyers. (Doc. #1, ¶ 22).

Bohenkamp acknowledges that she was a contract employee but states that she never made her own schedule, was required to follow Private Duty's handbook requirements, received all of her work instructions and supplies from Private Duty, depended solely on Private Duty for her income, and was required to comply with all of Private Duty's policies and procedures. (Doc. #1, ¶¶ 23-30).

Bohenkamp alleges that during the period from July 2011 through May 2014, she worked more than forty (40) hours per week and was not paid one and a half times her regular hourly rate for all hours she exceeded forty (40) hours per week. (Doc. #1, ¶ 52).

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).  However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## DISCUSSION

Private Duty argues that Bohenkamp's Complaint should be dismissed because she failed to establish the Court's subject matter jurisdiction as the Complaint has been pled under Fed. R. Civ. P. 12(b)(1) and failed to state a claim under Fed. R. Civ. P. 12(b)(6). Bohenkamp says she sufficiently alleged that she was employed by the Defendant and provided sufficient facts and law to state a claim under the FLSA.

*(1) Subject Matter Jurisdiction*

Private Duty states that Bohenkamp's Complaint should be dismissed because she failed to establish subject matter jurisdiction because she failed to establish that she was an employee rather than an independent contractor not subject to the FLSA.  Private Duty further claims that Bohenkamp failed to provide a factual basis to support her claim that Private Duty is engaged in commerce within the meaning of § 7 of the FLSA.  And finally Private Duty argues that Bohenkamp failed to establish that Private Duty has two (2) or more employees who regularly handle products and equipment which have moved through interstate commerce.

Private Duty's jurisdictional argument is unavailing in light of the United States Supreme Court's decision in Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006). Rodriguez v. Myrmidones LLC, 2014 WL 1779296, * 2 (M.D. Fla. May 5, 2014).  In Arbaugh, a plaintiff brought an employment discrimination suit pursuant to Title VII of the Civil Rights Act of 1964, which only applies to employers with 15 or more employees. Arbaugh, 546 U.S. at 503. The Supreme Court considered "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." Id. The Supreme Court explained that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Id. at 516. Thus, Title VII's numerosity requirement was not a prerequisite to subject matter jurisdiction; rather, it was an element of the Title VII claim. Id.

Courts have subsequently applied the reasoning of Arbaugh to find that an employee's FLSA coverage is an element of, not a jurisdictional prerequisite to, the employee's FLSA claim. Rodriguez, 2014 WL 1779296, at* 2 (citing Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., 2008 WL 793660, at *1 n. 2 (M.D. Fla. Mar.24, 2008)).[2] Specifically, "the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction." Id.

Although the Eleventh Circuit has yet to address Arbaugh's applicability to determining whether FLSA coverage is jurisdictional, the Court is persuaded by the reasoning of the courts that have found otherwise.[3] As such, the Court finds that Plaintiff's FLSA coverage status—whether or not Bohenkamp was an employee, or if Private Duty was engaged in commerce or had two (2) or more employees engaged in commerce—is not a jurisdictional prerequisite to her FLSA claim but are elements of the claim to be established in discovery.  For that reason, the Motion to Dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is denied.

*(2) Whether Bohenkamp States a Claim*

Private Duty argues that Bohenkamp failed to state a claim under Fed. R. Civ. P.

---

[2] *See also, e.g.* Lopez–Santiago v. Coconut Thai Grill, 2014 WL 840052, at *3 (N.D.Tex. Mar.4, 2014); Hernandez v. Art Deco Supermarket, 2013 WL 5532828 (S.D.Fla. Oct.4, 2013); Malloy v. Ass'n of State & Territorial Solid Waste Mgmt. Officials, 955 F.Supp.2d 50, 53 (D.D.C.2013); Obando v. M & E Inv. Properties, Inc., 2011 WL 4387238, at *4 n. 2 (S.D.Fla. Sept.20, 2011), all finding that under Arbaugh FLSA numerosity requirement is not jurisdictional.

[3] In Turcios v. Delicias Hispanas Corp., the Eleventh Circuit recognized that one federal circuit had found that FLSA coverage was not jurisdictional but declined to address the issue. 275 F. App'x 879, 882 n. 5 (11th Cir.2008).

12(b)(6).  To establish a *prima facie* case under the FLSA, a plaintiff must demonstrate: (1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages. Morgan v. Family Dollar Stores, Inc., 551 F. 3d 1233, 1277 n. 68 (11th Cir. 2008); Powell v. Morton Plant Mease Health Care, Inc., 174 Fed. App'x 520, 521 (11th Cir. 2006) (same).

Here, Bohenkamp alleges that she worked over forty (40) hours per week during her time as an employee of Defendant Private Duty and was not paid time and a half for the hours worked in excess of forty (40) hours.  She further states that at all times during her employment with Private Duty, that Private Duty was engaged in commerce within the meaning of § 7 of the FLSA, and that Private Duty was an employer as defined by the FLSA.  Bohenkamp need not allege anything further to state a claim under the FLSA. Anish v. National Securites Corp., 2010 WL 4065433, * 2 (S.D. Fla. October 15, 2010). As such, the Motion to Dismiss for failure to state a claim is due to be denied.

In the alternative, the Plaintiff moves the Court for a more definitive statement.  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. As noted above, Bohenkamp has alleged sufficient facts to put Private Duty on notice of the claims against it.  Any additional facts that are needed in this matter will be brought forth during discover, however; at this point in the proceedings, no further definitive facts are needed in the Complaint.

*(3) Whether the Motion should be Converted into a Motion for Summary Judgment*

Private Duty moves the Court to convert their Motion to Dismiss into a motion for summary judgment. While the Court may convert a motion to dismiss into a motion for summary judgment and consider matters submitted outside the pleadings, the decision to do so is within the Court's discretion." Dawkins v. Picolata Produce Farms, Inc., 2005 WL 3054054, at *2 (M.D. Fla. Nov.15, 2005). At this extremely early stage of the proceedings, the Court declines to do so. *See* Id. at *2; Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 843 (11th Cir.1989) ("As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery.); Naeyaert v. East Coast Pulmonary and Critical Care Associates, 2010 WL 3942906, at *1–3 (M.D. Fla. October 5, 2010) (denying the defendants' request to consider their Rule 12(b)(1) motion for lack of FLSA coverage under Rule 56 as premature).

## CONCLUSION

In conclusion, the Court finds that Private Duty's Motion to Dismiss for lack of federal subject matter jurisdiction is unavailing because FLSA coverage status is not a jurisdictional prerequisite to her FLSA claim.  The Court further finds that Bohenkamp pled sufficient facts to establish a claim and put Private Duty on notice of a violation of the FLSA.  Therefore, the Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

The Defendant JT Private Duty Home Care, LLC's Motion to Dismiss Plaintiff's Complaint or in the Alternative, Motion for Summary Judgment (Doc. #11) is **DENIED**. Private Duty shall file an answer to the Complaint in compliance with the Federal Rules.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of September, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record