UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH BOHENKAMP,

       Plaintiff,

v.                                                            Case No:   2:14-cv-366-FtM-38CM

JT PRIVATE DUTY HOME CARE, LLC,

       Defendant.

_____/

**ORDER[1]**

    This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. #25) filed on October 31, 2014.  Defendant failed to file a Response in Opposition, and the time to do so has now expired.  Thus, the Motion is ripe for review.

**Background**

    Plaintiff is a former employee of Defendant, and served as a CNA and full-time staffing coordinator at all times relevant to this action. (Doc. #1 at 3).  Defendant is a Florida limited liability company, and operates a nursing registry. (Doc. #1 at 3).  In July 2008, Plaintiff began working for Defendant as a CNA, and was paid an hourly rate. (Doc. #1 at 3).  But in July 2011, Plaintiff shifted her role from CNA to full-time staffing coordinator. (Doc. #1 at 3).  Although Plaintiff was classified as an independent

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

contractor, Defendant required Plaintiff to follow all of its company policies and procedures; determined Plaintiff's work schedule; provided all of the supplies necessary for Plaintiff to perform her duties; assigned Plaintiff all of her work; and controlled nearly every other aspect of Plaintiff's employment. (Doc. #1 at 4).

While serving as the full-time staffing coordinator, Plaintiff regularly worked over forty hours during one or more weeks. (Doc. #1 at 4). Instead of properly compensating Plaintiff for her time over forty hours at the federally-regulated overtime rate, Defendant paid Plaintiff for those hours at her regular hourly rate. (Doc. #1 at 6). As a result of Defendant's failure to properly compensate her for her overtime work, Plaintiff filed this action asserting a single count for failure to pay overtime compensation in accordance with the Fair Labors Standards Act ("FLSA"), 28 U.S.C. § 201 *et seq.* (Doc. #1 at 7). In response, Defendant filed a Motion to Dismiss Plaintiff's Complaint, which the Court denied. (Doc. #11; Doc. #14). Thereafter, Defendant answered Plaintiff's Complaint, but also asserted four counterclaims for fraud (counterclaim 1); trespass (counterclaim 2); breach of contract (counterclaim 3); and conversion (counterclaim 4). (Doc. #21). Plaintiff now moves this Court for dismissal of Defendant's counterclaims.

## Legal Standard

The general rule under Fed. R. Civ. P. 12(h)(3) is that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under a Rule 12(b)(1) motion, a claim may be challenged both facially and factually. McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999). According to the Eleventh Circuit, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken

as true". Id. (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (punctuation omitted). The Eleventh Circuit has instructed that "[i]n response to a factual attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." Id. (punctuation omitted).

In factual subject matter jurisdictional attacks, this Court need not take the allegations in the complaint as true. Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169 (11th Cir. 2011) cert. denied, 132 S. Ct. 2379 and cert. denied, 132 S. Ct. 2380 (U.S. 2012) and cert. denied. Rather, the Court may "independently weight the facts and is not constrained to view them in the light most favorable to the non-movant." Id.

## Discussion

Plaintiff seeks dismissal of Defendant's counterclaims on the basis that the Court lacks subject-matter jurisdiction over them.  In support, Plaintiff first contends that "where a . . . counterclaim fails to assert a basis of jurisdiction, courts are bound to dismiss such claims." (Doc. #25 at 5).  Second, Plaintiff avers that in the event Defendant attempts to utilize supplemental jurisdiction under 28 U.S.C. § 1367(a) to support its counterclaims, each of the counterclaims are permissive counterclaims, which require an independent ground for federal jurisdiction.   (Doc. #25 at 7). Third and finally, Plaintiff asserts that supplemental jurisdiction under § 1367 is unavailable because Defendant's counterclaims do not arise out of a common nucleus of operative fact.  (Doc. #25 at 7).

It is well known that federal courts are courts of limited jurisdiction. Kokkonen Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). This limited jurisdiction is defined by the Constitution and by statute. *Id.* One such jurisdictional statute, 28 U.S.C. § 1367, provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In order for courts to exercise their supplemental jurisdiction over state law claims, both of the "federal law and state law claims must derive from a common nucleus of operative fact." United Mine Workers of Am. V. Gibbs, 282 U.S. 715, 725 (1966).

Here, Defendant's counterclaims asserted under state law do not derive from a common nucleus of operative facts with Plaintiff's FLSA claim. The operative facts necessary to support Plaintiff's FLSA claim include 1) Defendant's status as an employer as defined by the FLSA; 2) Plaintiff's status as an employee as defined by the FLSA; 3) the number of hours Plaintiff worked per week; and 4) the rate Defendant compensated Plaintiff for those hours. It is doubtful that these operative facts would support Defendant's state-law counterclaims for fraud, trespass, conversion, and breach of contract. Even assuming there was some factual overlap with Plaintiff's FLSA claim, the counterclaims would clearly predominate over Plaintiff's FLSA claim, preventing the Court from exercising supplemental jurisdiction. 28 U.S.C. § 1367(c)(2). Accordingly, because Defendant's counterclaims do not derive from the same case or controversy as Plaintiff's FLSA claim, the Court lacks subject-matter jurisdiction over them. See Carvalho v. Door-

Pack, Inc., 565 F.Supp.2d 1340, 1341 (S.D. Fla. 2008) (collecting cases dismissing counterclaims that fail to satisfy the supplemental jurisdictional requirements).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. #25) is **GRANTED**. Defendant's counterclaims are **DISMISSED** for lack of subject-matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida, this 27th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record